# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| CHARLES HOOK, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:10-CV-239(MTT) ) |
| INTELIUS, INC., *et al.*, | ) ) ) |
| Defendants. | ) ) |

## ORDER

Currently pending before this Court is the Defendant's Motion to Dismiss (Doc. 6) and the Plaintiff's Motion to Strike (Doc. 12). The Court held a hearing on these Motions by telephone on October 15, 2010. At the hearing the Court ordered the parties to conduct discovery and to file additional briefs if necessary. The parties filed their Notice (Doc. 30) informing the Court of their expectations regarding discovery. The Court now enters this Order to clarify the relevant issues, to set discovery deadlines and to establish a schedule for further briefing.

In this case, the Plaintiff has asserted several claims against the Defendants arising out of an online transaction. The Plaintiff used the Defendants' services to locate an individual's email address, a service for which the Plaintiff paid $1.95. The Plaintiff claims that the Defendants then used the Plaintiff's financial information, without his consent, to enroll him in an Intelius membership program at a cost of $19.95 a month.

In their Motion to Dismiss, the Defendants argue that the Plaintiff knowingly purchased the membership program. In support of their argument, the Defendants attached, as Exhibits "1-A, Part 1" and "1-A, Part 2" to the Motion to Dismiss, the so-called transaction-flow webpages (the "Webpages"), which purportedly are print-outs of the webpages displayed to the Plaintiff on the date of his transaction. The Defendants also submitted an affidavit of Ronald V. Thunen III to authenticate Webpages. In the affidavit, Mr. Thunen describes the process he used to recreate the Webpages.

In his Motion to Strike, the Plaintiff asks this Court to strike the Webpages. On a motion to dismiss, the Plaintiff argues, the Court should not consider evidence, but only the pleadings. The Plaintiff argues that the Webpages are not proper subjects for the Court's consideration at this stage of the litigation because they were not attached to the Complaint but to the Defendants' Motion to Dismiss.

Both parties agree that a document not included in the complaint can be incorporated by reference into the complaint if the document is central to the Plaintiff's claim and is undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). While the Plaintiff agrees that the webpages involved in the transaction are central to his claim, the Plaintiff disputes the Webpages that the Defendant has produced. The Plaintiff disputes the Defendants' Webpages because "it is unclear whether Intelius'[s] declarant even has personal knowledge of how Defendant's website appeared in August, 2009 because he had no oversight of the 'consumer transactional websites' prior to February, 2010;" and because "it is clear that the Reproduced Webpages are the product of regeneration and reproduction through a series of recreated changes to the component files." The Defendants respond that the Plaintiff's general objections are

insufficient to challenge the authenticity of the Webpages.

This Court has concluded that the Webpages are essential to a determination of the issues in this case. If the Webpages did appear to the Plaintiff as the Defendants contend they did in their Motion to Dismiss, then the Plaintiff's claims likely would lack merit. Moreover, if the Webpages are authentic, it would be a waste of this Court's resources to refuse to consider them on a Motion to Dismiss and to allow the case to proceed to discovery. On the other hand, because the Webpages, if authentic, may be dispositive of the issues in the case, fairness requires that the Court allow the Plaintiff an opportunity to make inquiries into the Webpages' authenticity.

Therefore, the Court, at the hearing, allowed the parties to conduct limited discovery regarding the authenticity of the Webpages. The parties shall have until December 31 to complete this discovery. If the Plaintiff still disputes the authenticity of the Webpages, the Plaintiff shall file an objection to the Webpages that contains specific arguments and authority in support of his objection. The Plaintiff shall file this objection, which should be no longer than 10 pages, not later than January 10, 2011. If the Defendants wish to file a response, they must do so within ten days after service of the Plaintiff's objection and their response will be limited to ten pages. The Plaintiff will then be allowed a reply brief, which should be filed within five days after service of the Defendants' response and will be limited to five pages. Absent a showing of good cause, the Court will not allow a sur-reply brief.

**SO ORDERED,** this the 3rd day of November, 2010.

                                                  S/ Marc T. Treadwell
                                                  MARC T. TREADWELL, JUDGE
                                                  UNITED STATES DISTRICT COURT

jch